# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LOKESH B. VUYYURU, *et al.*,     )
                                     )
          Plaintiffs,       )
                                     )
v.                               )     Civil Action No. 3:18–cv–451–HEH
                                     )
BANK OF AMERICA, N.A., *et al.*,   )
                                     )
          Defendants.    )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

This matter comes before the Court on a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, filed on April 23, 2019, by Defendants Bank of America, Inc. ("BANA"), Caliber Home Loans, Inc. ("Caliber"), LSF9 Master Participation Trust, Inc. ("LSF9"), and US Bank and Trust, Inc. (collectively, "Defendants"). (Mot. Dismiss, ECF No. 36.) On May 7, 2019, Lokesh B. Vuyyuru ("Vuyyuru") and Virginia Gastroenterology Associates (collectively, "Plaintiffs") filed a Response. (Mem. Opp'n Mot. Dismiss, ECF No. 38.) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court will grant Defendants' Motion.

## I. BACKGROUND

According to the Amended Complaint, on August 30, 2004, Vuyyuru obtained a home equity loan for $225,000 from BANA, using property at 12200 Ganesh Lane,

Chester, VA 23836 as collateral. (Am. Compl. ¶ 7, ECF No. 34.) Vuyyuru stopped making payments on the home equity loan in 2009. (*Id.* ¶ 10.) Thereafter, BANA allegedly requested that Vuyyuru "submit documentation of loan every three to four months in order to qualify for loan modification." (*Id.* ¶ 11.) According to Vuyyuru, he provided BANA with loan modification documents on multiple occasions, however he received no response. (*Id.* ¶¶ 11–12.) Vuyyuru also claims that a BANA representative promised to "reinstate the loan . . . but never sent approved loan modification documents." (*Id.* ¶ 14.)

In 2014, BANA appointed Caliber to represent BANA on loan modifications and informed Vuyyuru that Caliber was the principle contact. (*Id.* ¶ 17.) Plaintiffs claim Caliber received the documents required for a loan modification but did not act on them. (*Id.* ¶ 19.) In 2015, LSF9 allegedly acquired the deed of trust and "appointed Caliber as substitute trustee for loan modifications." (*Id.* ¶ 18.)

On January 6, 2016, LSF9 allegedly foreclosed on the property, while Vuyyuru was hospitalized in India. (*Id.* ¶ 22.) At the time of foreclosure, Vuyyuru owed $265,988 on the loan. (*Id.* ¶ 23.) After foreclosure, US Bank and Trust, Inc. was allegedly appointed as substitute trustee for LSF9. (*Id.* ¶ 24.) LSF9 allegedly purchased the home for $361,233 through the foreclosure process. (*Id.* ¶ 25.) Vuyyuru alleges that LSF9 also acquired some of his personal belongings, although they are not identified. (*Id.* ¶ 26.)

Plaintiffs filed their Amended Complaint against Defendants on April 9, 2019. This filing represents Vuyyuru's third attempt to sue Defendants with respect to this transaction. Notably, Vuyyuru previously filed two related complaints, both of which

were dismissed at the motion to dismiss stage for failure to state a claim. *See Vuyyuru v. Bank of Am., N.A.*, No. 3:16–CV–638–HEH, 2017 WL 1740020 (E.D. Va. May 3, 2017) ("*Vuyyuru I*"); *Vuyyuru v. Bank of Am., N.A.*, No. 3:17–CV–746–HEH (E.D. Va. Jan. 3, 2018) ("*Vuyyuru II*").

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

### III. DISCUSSION

Plaintiffs lodge three counts against Defendants pursuant to the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and Virginia contract law. (Am. Compl. ¶¶ 27–40.) The Court will address each count in turn.

First, Plaintiffs contend that Defendants have violated TILA. They present two theories under which Defendants violated the statute: (1) by "failing to communicate with Plaintiffs and provide statutorily required disclosures" pertaining to "a rescission within [a] three year period to which the lender consented, or alternatively that the Court should grant, that indicated plaintiff's ability to enter into the new contract" and (2) by failing "to disclose assignments of the loans or trust deeds" in violation of 15 U.S.C. § 1641(g). (*Id.* ¶¶ 29–31.) Plaintiffs fail to state a claim under either theory.

Plaintiffs' first theory fails because they do not allege that Vuyyuru attempted to rescind within the statutorily permitted period. Defendants direct the Court to 15 U.S.C. § 1635, which permits a borrower to rescind a loan, under certain circumstances, and establishes the procedural requirements for doing so. Importantly, the relevant portion of

4

the statute provides that the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f).

According to the Amended Complaint, Bank of America issued the loan to Vuyyuru on August 30, 2004. (Am. Compl. ¶ 7.) Thus, based on this date, his right to rescission expired on August 30, 2007. Plaintiffs make no allegation that Defendants failed to provide required disclosures upon issuance of the loan. Further, Plaintiffs allege that Vuyyuru made regular payments until 2009, after which discussions with Defendants regarding a loan modification began. (*Id.* ¶ 10.) It would make no logical sense for Vuyyuru to continue to make payments on a loan that was rescinded, nor is there any allegation in the Amended Complaint that Vuyyuru attempted rescission within the statutory period. Accordingly, this theory of liability fails to state a claim.

In an attempt to establish the second alleged TILA violation, Plaintiffs contend that Defendants violated 15 U.S.C. § 1641(g) when they failed to notify Plaintiffs when the loan was transferred. (*Id.* ¶ 31.) Plaintiffs allege the loan transfer occurred April 6, 2015. (*Id.* ¶ 18.) Under 15 U.S.C. § 1640(e), the limitations period for this type of violation is one year. Plaintiffs filed this claim June 29, 2018, two years after the end of the applicable limitations period for this TILA claim. As a result, Plaintiffs' second theory is time barred. Accordingly, the Court will dismiss Count I.

Second, Plaintiffs' RESPA claim fails because they have pled insufficient facts to support the claim. Plaintiffs allege that Defendants violated RESPA on two bases. First, Plaintiffs allege that Defendants improperly initiated a foreclosure sale. (Am. Compl. ¶

36.) Second, they allege that Defendants violated RESPA by not informing Plaintiffs "of changes in servicing and/or ownership of loans." (*Id.* ¶ 37.)

Plaintiffs' first alleged violation under RESPA fails because they have pled insufficient facts to support the claim. Plaintiffs base their first RESPA claim on 12 C.F.R. § 1024.41(f)(2)(i)–(iii), which prohibits a servicer from making a foreclosure referral if the borrower submits a completed loss mitigation application during the pre-foreclosure review period. Plaintiffs do not state that Vuyyuru submitted such an application to Defendants, nor do they allege that he did so during the pre-foreclosure review period. Plaintiffs claim Vuyyuru sent "documents" to Caliber without detailing the content of the documents or the dates on which they were sent. (Am. Compl. ¶ 21.) Plaintiffs' assertions are devoid of facts by which the Court may analyze the sufficiency of their claim.

On the second alleged RESPA violation, Plaintiffs claim Defendants did not "inform Plaintiff of changes in servicing and/or ownership of loans [and did not] provide notice in accordance with RESPA." (*Id.* ¶ 37.) However, Plaintiffs' Amended Complaint contradicts this allegation, showing Plaintiffs were aware of the transfer of servicing to Caliber and communicated with them. (*Id.* ¶¶ 17–21.) In the absence of more particularized factual allegations, this claim also fails. The allegations in Count II are conclusory and fail to meet the standard set by *Twombly* and *Iqbal*. Therefore, the Court will dismiss Count II.

Finally, Plaintiffs raise a breach of contract claim against Defendants. (*Id.* ¶ 40.) The Amended Complaint asserts that Defendants owed Plaintiffs an obligation under "the

trust deed and offers for loss mitigation and accords regarding the home," which Defendants then violated. (*Id.*) Plaintiffs allege the "loan servicing communications were an offer," which they accepted. (Pls.' Resp. Mot. Dismiss 5.)

To successfully claim a breach of contract, Plaintiffs must adequately plead that there is "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004) (internal citations omitted). Additionally, the breach must be material, where "a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001).

Plaintiffs conclude there is a breach of contract without providing factual support of Defendants' obligation to Plaintiffs, details in support of the alleged breach of that obligation, or factual support of the injury caused by Defendants' alleged breach. Also, Vuyyuru alleged nearly identical claims in *Vuyyuru I* and *Vuyyuru II*, which were dismissed for insufficiency of pleading. As previously stated, the Court gives no deference to Plaintiffs' conclusory allegations at this stage of the case. Plaintiffs again fail to plead sufficient facts to meet the pleading standard.[1] Therefore, based on the insufficiency of facts to support a breach of contract claim, the Court will also dismiss Count III.

---

[1] Furthermore, Plaintiffs' failure to allege the existence of a written agreement may also run afoul of Virginia's Statute of Frauds. (*See* Defs.' Mem. Supp. 10, ECF No. 37.)

## IV. CONCLUSION

In sum, the Court finds that Plaintiffs have failed to sufficiently plead the claims asserted in the Amended Complaint. The Court will dismiss all counts without prejudice. As this is the third time this Court has ruled on similarly deficient complaints based on the same transaction, the Court advises Plaintiffs that further sparsely pled filings may result in the Court issuing appropriate sanctions, such as the entry of a pre-filing injunction. Accordingly, the Court will grant Defendants' Motion to Dismiss.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: July 9, 2019
Richmond, VA